[Civ. No. 6601. First Appellate District, Division Two.—April 1, 1929.]

PUREXO PRODUCTS CO. (a Corporation), Respondent, v. SASATE YAMATE, Appellant.

66

Joseph J. McShane, Anthony S. Devoto and Devoto & Richardson for Appellant.

Harold L. Levin for Respondent.

STURTEVANT, J.—The plaintiff sued the defendant to recover a balance due for goods sold and delivered. The defendant appeared and answered, and a trial was had before the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiff. From a judgment entered on the verdict the defendant has appealed.

Before proceeding further it will clarify the situation to state that the subject matter of the alleged sale consisted of a number of cases of wine tonic containing alcohol. Both in the trial court and in this court something has been said regarding the contract being illegal. That issue was presented by the defendant. On him rested the burden of proof. On the subject of legality or illegality the evidence was distinctly conflicting. In support of the judgment we must assume that the jury found against the defendant on that issue.

The defendant contends that his motion for a nonsuit should have been granted; that the trial court erred in giving to the plaintiff as damages the contract price, and that there is no evidence as to the amount of the damage suffered by the plaintiff. These three contentions the defendant presents as one point, the contention that the plaintiff should have sued for damages instead of for the balance of the contract price. In making this point the defendant is relying principally upon the rule as stated in *Gopcevic* v. *California Packing Corp.*, 64 Cal. App. 132 [220 Pac. 1078]. He concedes that, as stated in the case cited, "If tender is made by the vendor with intent to pass title in the goods to the vendee, title is thereby deemed to have passed and the vendor may sue for the contract price." (Civ. Code, sec. 1141.) In *Turner, Kuhn & Fraser, Inc.,* v. *Jones,* 61

Cal. App. 732, at page 734 [215 Pac. 1033, 1034], the court said: "Under a contract of sale the parties may agree when title shall pass. If they expressly do so, their contract controls, even though the subject matter has only a potential existence. If they do not so previously agree and a dispute arises as to the true character of the agreement, the question is one rather of fact than of law." We do not understand the defendant to question the rule as so stated, but we do understand him to contend that under the facts in the instant case the title did not pass. Whether it did or not can be determined only from a number of circumstances which were introduced in evidence. The purchaser maintains an office where he transacts business, but there are not at that office storerooms for the purpose of holding his merchandise. The written order out of which this litigation arose contained the language: "This confirms my order for 200 cases of Vin Zymo Tonic at $5 per case. Same to be delivered on or before January 10, 1927. *The order is not subject to cancellation.*" The last sentence was written into the contract by the seller. In the trial court and in this court it contends that the sentence was meant to indicate that it was passing to the purchaser the title to the tonic at the time the order was accepted. On the trial of the case the plaintiff's manager testified that he asked the purchaser to give the seller shipping directions, but the purchaser refused to do so. He also testified that on many occasions he offered to make delivery and the purchaser refused to accept delivery. Furthermore, it is a conceded fact that the bottles were to be labeled by the seller with the purchaser's labels. These facts and other facts we think warranted the jury in inferring that the title to the goods passed from the seller to the purchaser. That being so, the first three contentions made by the defendant are not supported.

The defendant makes the point that two of the court's instructions erroneously stated the law regarding illegal contracts. But we think his authorities do not sustain his contention. If at one instant a sale is illegal for want of a permit, *non constat*, the same act, at a later date, after a permit has been obtained, is entirely legal. That was the substance of the instructions.

In its complaint the plaintiff alleged that it was a corporation organized under the laws of the state of Nevada

and doing business in California. In his answer the defendant pleaded: "Denies any knowledge or information sufficient to form a belief whether . . . etc." No proof was introduced at the trial. At this time the defendant claims that the plaintiff failed to prove his allegation. To that claim there are two answers. Assuming that the plaintiff did not introduce sufficient proof of corporate capacity, the record shows that the point was not called to the attention of the trial court and that the court made no ruling thereon. At the end of the plaintiff's case the defendant made a motion for a nonsuit. The grounds of the motion appear in the reporter's transcript. Nothing was said on the point. The instructions requested by the defendant and refused by the trial court are set forth, but no instruction was requested on the subject of failure to introduce proof of plaintiff's corporate capacity. It is now too late to make the claim for the first time. (2 Cal. Jur. 248.) The other answer is this: The plaintiff alleged (1) that it was incorporated under the laws of Nevada and (2) that it had complied with all the laws in relation to doing business in California. Both allegations the defendant attempted to deny by allegations based on want of information or belief. At least as to matters of record in the office of the Secretary of State at Sacramento, the denial was insufficient. The answer admitted therefore that the plaintiff had filed a certified copy of purported articles of incorporation with the Secretary of State—in other words, that it was a corporation *de facto*. (Civ. Code, sec. 405.) This showing was sufficient on a collateral attack. (Civ. Code, sec. 358.)

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.