[Civ. Nos. 7009, 7123. First Appellate District, Division Two.—November 21, 1929.]

ANNIE L. ELLERHORST et al., Appellants, v. L. V. BLANKMAN et al., Respondents. (Two Cases.)

W. A. Andrews and F. W. Sawyer for Appellants.

Reuben G. Hunt and John H. Ankele, Jr., for Respondents.

NOURSE, J.—Plaintiffs sued for damages on a complaint charging mismanagement of the affairs of a corporation in which they were stockholders. But two of the defendants—Curry and McKannay—were served with process. Their demurrer to the complaint was sustained. An amended complaint was filed. Their demurrer to this complaint was also sustained. A second amended complaint was then filed. Their demurrer was sustained without leave to amend and judgment was entered for these defendants. Thereafter plaintiffs moved under section 473 of the Code of Civil Procedure for leave to further amend. Their motion was denied. Two appeals were taken and are presented here on the same record—one from the judgment and one from the order denying leave to amend.

The opening brief of appellants consists of a reprint of their second amended complaint, the demurrer of the two defendants, and affidavit of counsel used on the motion for leave to amend and some of the oral testimony taken on that hearing. The appellants do not, either by argument or citation of authority, make any effort to support their pleading. All they say is that it is sufficient against the demurrer ''and if not it could be amended.'' The pleading is a jumble of innuendoes and legal conclusions with unverified allegations of conspiracy and fraud, but without any allegations of facts from which these conclusions are drawn. The demurrers to all the complaints were both general and special. The special demurrers pointed out the uncertainty of these charges of fraud which were not based upon any verified allegation of fact. The amendments were manifestly sham and not made in good faith. Ample opportunity having been given appellants to amend in these particulars there was no abuse of discretion in refusing leave to further amend.

We are not unmindful of the authorities holding that ordinarily leave to amend should be granted when the demurrer is special and an amendment can readily be made. But when leave has been granted and the amendment is sham and ineffectual the trial court should not be required to grant fur-

ther indulgence. (*Loeffler* v. *Wright,* 13 Cal. App. 224, 232 [109 Pac. 269], citing *Stewart* v. *Douglass,* 148 Cal. 511 [83 Pac. 699], *Dukes* v. *Kellogg,* 127 Cal. 563 [60 Pac. 44], and other cases.) ■ So far as the general demurrer is concerned the failure of appellant to defend the pleading may be treated as an abandonment, as the burden is always on the appellant to show error. (*Etienne* v. *Kendall,* 202 Cal. 251, 257 [259 Pac. 752].)

■ The appeal from the order denying leave to amend requires little comment. The demurrer to the original complaint was heard by Judge L. H. Ward. The demurrers to the amended and second amended complaints were heard by Judge Daniel C. Deasy. The motion for leave to amend was heard by Judge C. J. Goodell. On this hearing the appellants sought to show that on a previous occasion one of their counsel had approached Judge Deasy and had asked him if he would voluntarily take from another department of the Superior Court a divorce case in which one of the defendants herein was a party. The judge declined on the ground that the husband and wife were both friends of his and of his family. From this it was argued that the judge was prejudiced against the appellants herein when he sustained the demurrer to their second amended complaint. The appellants did not present with their motion a proposed amendment to the complaint, as they are required to do under section 473 of the Code of Civil Procedure, and they made no effort to show that an amendment could be made which would meet the objections to the former pleading. The theory of their motion is that the trial judge was biased at the time of the hearing, a complaint which is to be raised and heard under section 170 of the Code of Civil Procedure. Counsel for appellants failed to show that the trial judge abused his discretion in refusing leave to amend, but they affirmatively demonstrated by their conduct that such leave was properly denied.

The judgment and order are affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1929, and a petition by appellants to have the cause heard in the

Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1930.

All the Justices concurred.