[Civ. No. 7587. First Appellate District, Division One.—September 15, 1931.]

MORTGAGE GUARANTEE COMPANY (a Corporation), Respondent, v. DONALD L. PATCH, Appellant.

Donald L. Patch, *in pro. per.,* for Appellant.

John L. Reith for Respondent.

WARD, J., *pro tem.*—On November 10, 1927, defendant borrowed the sum of $50,000 from plaintiff. The loan was evidenced by a promissory note and a deed of trust. Subsequently defendant failed to meet the installment payments of the note and plaintiff declared the note and deed of trust to be in default and commenced proceedings on April 23, 1929, for the sale of the property under the deed of trust.

In due time a sale took place and plaintiff bid the property in for the sum of $40,000, leaving a deficiency of $13,889.61. This action was instituted upon the deficiency. This is defendant's fourth attempt to answer and cross-complain, and consists of nine separate answers and eight separate cross-complaints. The first cross-complaint is set forth by reference to the second answer and so on until the eighth cross-complaint refers to allegations set forth in the ninth answer. Herein reference to an answer by number will also refer to the corresponding cross-complaint. A companion cross-complaint does not appear with the answer designated as first answer. A general and special demurrer was interposed to the second and succeeding answers and the cross-complaints.

In the clerk's transcript on appeal the judgment docketed in this case appears as follows: "In the above entitled action the demurrer of Mortgage Guarantee Company, a corporation, to the third amended answer and cross-complaint, having been heretofore sustained without leave to amend; wherefore, by reason of the law and premises aforesaid, it is ordered that the above-named defendant take nothing on his third amended cross-complaint, and that the above-named plaintiff Mortgage Guarantee Company, a corporation, have judgment against the said defendant, Donald L. Patch, for the sum of thirteen thousand eight hundred eighty-nine and 61/100ths ($13,889.61) together with costs amounting to the sum of $8.80." That the judge presiding upon the hearing of the demurrer did not intend that judgment should be entered, as appears from the record in this case, is made plain by the minute order sustaining the demurrer without leave to amend, also appearing in the clerk's transcript. The demurrer was not directed against the first answer. The defendant is entitled to a trial upon the issues raised in the complaint and the first answer. This cause will, therefore, to that extent, be remanded with directions that the superior court clear its records and proceed to trial, if the defendant desires a trial. In that connection attention is called to pages 42, 54, 55 and 57 of the clerk's transcript on appeal.

Defendant, a layman, appearing *in propria persona* incorporated into the second answer allegations that the defendant had and offered satisfactory insurance which was refused by the plaintiff for the sole reason of extracting

extra profit on the premium and that the required premium was therefore an extra burden in the full amount upon the defendant and was interest and that the total charge was in excess of twelve per cent per annum. The third answer alleges the same as the second answer excepting that only the premium on excessive insurance required is charged as interest. The fourth answer alleges the same as in the second answer but contends that nine per cent, which is the highest rate expressed in writing in the contract, is the legal limit for the contract. The fifth answer alleges the same as in the second answer but that the profit in the insurance premium was in excess of $1 and that the total charge was in excess of the highest rate expressed in writing, nine per cent, and contends that nine per cent is the legal limit for the contract. The sixth answer alleges the plaintiff to be a member of a combination whose purpose is to eliminate competition, control prices, increase costs to the public, and to increase profits to itself, all of which are acts in restraint of trade and in violation of Act 8702, Deering's Gen. Laws, 1923, commonly known as the Cartwright Act, of the state of California. The seventh answer alleges a violation of the United States federal statutes, commonly known as the Clayton Act. The eighth answer sets forth the acts theretofore alleged as contrary to public policy. The ninth answer is an attempt to allege constructive fraud. In the cross-complaint defendant prays that the note and deed of trust be declared null and void; and asks judgment against the plaintiff in the sum of $420,000.

Appellant informs us that he is without funds to employ legal talent satisfactory to himself. In his briefs he does not argue the legal sufficiency of the answers or cross-complaints, but presents to this court certain questions which he desires answered. Considering the questions in appellant's brief which are not answered by the question itself, we comment as follows: A lender is bound by the rate of interest expressed in the contract. He may demand additional insurance or designate the insurance company as a matter of protection to the business venture and may charge for such insurance as an expense in connection with the loan. He may not, as a means of extracting profits, in addition to the interest agreed upon, charge for expenses that are not incidental to the loan. If the lender should charge for

expenses not necessary to the loan, the borrower has his proper remedy. If unnecessary expenses for the purpose of extracting additional profits added to the interest exceeds twelve per cent for a year and the borrower pays the additional sum, there is a violation of the provisions of the Usury Act. In such a case the burden of proof is upon the borrower. If the pleadings, notwithstanding conclusive allegations, evidence the payment of an amount not in excess of twelve per cent, a demurrer addressed to this deficiency in pleading should be sustained. The briefs are not presented in conformity with the rules of this court, but appellant is a layman and accordingly, we shall consider the sufficiency of the cross-complaints and the second and succeeding answers.

In paragraph XXXII of the second answer, appellant alleges as follows: "That the complete total charged for the use of said loan for the first year, as above set forth, was $7,064.00 and that said amount has been paid in full and within one year of the commencement of this action, as before alleged, and that said amount is in excess of the maximum amount allowed by the Usury Law, to-wit: said $7,064.00 is $1,064.00 in excess of 12 per cent per annum on $50,000.00." This total charge is made up of items appearing in other paragraphs. Two hundred dollars, cash in advance was deducted from the original loan for additional insurance; $876, according to paragraph XII, represented one of four quarterly installments, which was not even due within one year of the commencement of the action; $2,014 is listed as a balance for fire insurance and $350 for earthquake insurance. Deducting the first two items brings the total to less than twelve per cent on $50,000. In pleading usury it is necessary to clearly set out that the sum is in excess of twelve per cent. "The burden, and a heavy one, rests upon him to establish the evasion." (*Terry Trading Corp.* v. *Barsky*, 210 Cal. 428 [292 Pac. 474, 476].) If the pleading is uncertain or upon its face shows that the interest was less than twelve per cent, the demurrer should be sustained. In paragraph II of the third answer, appellant alleges as follows: "That the total amount charged for the use of said loan for the first year, as above set forth, was $6,677.49 and that said amount has been paid in full and within one year of the commencement of this action, above set

forth, and that said amount is in excess of the maximum allowed by the Usury Law, to-wit: said amount is $877.49 in excess of 12 per cent per annum on $50,000.00." Herein is computed the sum of $1,000, which appellant in the same paragraph alleges was deducted in advance. The date of the loan was November 11, 1927. This action was filed October 15, 1929. The fourth and fifth answers allege that nine per cent was the maximum amount of interest to be charged during the first year; that a greater amount than nine per cent was charged and paid within one year of the beginning of the action. Appellant alleges in substance that the insurance premiums were used as a disguise for extracting additional profits in excess of the nine per cent for the first year and seven per cent for the following years and in excess of the amount allowed under the Usury Law. There is no allegation that the insurance premiums collected by respondent from appellant were not used for insurance purposes. From the pleadings we must assume that whatever sum or sums were collected as insurance premiums were so used. The deed of trust provided that the insurance was to be obtained through the Bond Investment Company. Appellant alleges upon information and belief in substance that the Bond Investment Company was in fact the plaintiff herein, or that it was controlled by the plaintiff. If insurance was in fact necessary, it would make no difference whether the premiums were eventually received by a company in which respondent owned some interest or by some other company. Appellant alleges that he was forced to cancel existing insurance and that the property was over insured. The application provided the insurance must be satisfactory to respondent. It was not necessary that appellant should obtain this loan from the plaintiff. If plaintiff desired some other insurance company than the Bond Investment Company or did not approve of the amount fixed for insurance by the plaintiff, defendant could have sought some other lender. A bad business bargain does not make the transaction usurious. There is no proper allegation of usurious interest in the answers or cross-complaints. The only question we are interested in is whether the interest charged was usurious. ■ The sixth, seventh, and eighth answers allege violation of the Cartwright Act, the Clayton Act and that the alleged allowance of profit on

insurance to the insured is against public policy. If plaintiff violated any state or federal statute there was a tribunal and remedy at hand, but the allegations as set forth are not proper as a defense in this action and the violation if such it was, would not entitle defendant to recover under the Usury Act. The ninth answer alleges in substance that plaintiff represented that defendant would be given an opportunity to recover the property within thirty days after the sale, but there is no allegation that defendant offered to buy back or was ready, able, or willing to repurchase the property within thirty days; this being an alleged agreement to permit defendant to repurchase the property, it should have been in writing.

 The answers to which the demurrer is directed do not set forth proper defenses, and the cross-complaints do not allege any cause of action in their present form. The allegations are uncertain, unintelligible and ambiguous. Many allegations are contradicted by other allegations in the same or in another answer or cross-complaint. This is defendant's fourth attempt to state a cause of action, and the order sustaining without leave to amend the second, third, fourth, fifth, sixth, seventh, eighth and ninth answers and the first, second, third, fourth, fifth, seventh and eight cross-complaints was a proper order. ''When leave has been granted and the amendment is sham and ineffectual the trial court could not be required to grant further indulgence.'' (*Ellerhorst* v. *Blankman,* 102 Cal. App. 133, 134 [282 Pac. 507].) ''A plaintiff may not without limit replead after demurrer sustained.'' (*Whittemore* v. *Davis,* 112 Cal. App. 702 [297 Pac. 640].) See, also, *Stewart* v. *Douglas,* 148 Cal. 511 [83 Pac. 699]. ''So far as the general demurrer is concerned the failure of appellant to defend the pleading may be treated as an abandonment, as the burden is always on the appellant to show error.'' (*Ellerhorst* v. *Blankman, supra.*)

In view of what has been said herein the judgment only in so far as it pertains to the order sustaining the demurrer to the second and succeeding answers and to all of the cross-complaints is affirmed and reversed as to the first answer with directions to clear the record in the trial court and permit the defendant a trial upon such issues. It is not necessary to indicate the evidence that may be considered

upon the trial, as the decision herein applies only to the pleadings.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 12, 1931.