[Civ. No. 6338.   Third Appellate District.—December 21, 1939.]

HOME OWNERS' LOAN CORPORATION (a Corporation), Respondent, v. DONALD A. GORDON et al., Appellants.

190

M. J. Gordon and C. S. Mauk, for Appellants.

J. V. McDermott and Ewell D. Moore for Respondent.

PULLEN, P. J.—The Home Owners' Loan Corporation, a corporation, filed an action to foreclose a mortgage on real property, making appellants, among others, defendants. Two of these appellants are the original mortgagors, and the other, Morris J. Gordon, as cosigner of the note which was secured by the mortgage.

The answer filed by appellants sought to question the constitutionality of the act of Congress creating the Home Owners' Loan Corporation, to deny the authority of the corporation to accept as security, a cosigner, and to abate the action under the foreign corporation statutes of this state.

To this answer respondent filed a general and special demurrer, which was sustained without leave to amend, and in due time a decree of foreclosure and order of sale was granted. From the judgment this appeal is taken.

Among the specifications of error urged by appellants are that the Federal Home Loan Bank Board is a corporation, and was authorized by Congress to create the Home Owners' Loan Corporation, and by so directing, Congress was attempting to delegate authority to one corporation to create another corporation.

Secondly: That the Home Owners' Loan Corporation cannot sue in this state without complying with the provisions of the Civil Code, particularly sections 405, 406, 408 and 278 thereof, requiring it to file articles of incorporation, with the secretary of state, and having a resident agent therein, as is done by other foreign corporations transacting business in this state.

Thirdly: That the Home Owners' Loan Corporation had no power to accept personal security by the way of suretyship.

Fourthly: That the court permitted appellants to amend its answer, but nevertheless sustained a general demurrer, without leave to amend, interposed to the original answer, and,

Lastly: That the court erred in refusing to permit defendants to amend their answer.

■ An examination of the acts of Congress creating the Federal Home Loan Bank Board (Federal Home Loan Bank Act, chap. 11, secs. 1421 to 1449, inclusive, title 12, Banks and Banking, U. S. C. A., and particularly section 1437, which provides for the creation of the Federal Home Loan Bank Board with its powers and duties), reveals that such

board is authorized to perform administrative duties only and does not possess any of the attributes of a corporation.

■ Furthermore, appellants, as makers of the note secured by the mortgage, having contracted with the respondent as a corporation and received the benefits of that contract, are now estopped to deny as against the corporation, in an action to enforce such contract, that it has been legally organized or to assert in any manner any defect or irregularity in such organization. This rule is established by a long line of authorities, among others being *Grangers' Business Assn. of California* v. *Clark*, 67 Cal. 634 [8 Pac. 445] ; *Bank of Shasta* v. *Boyd et al.*, 99 Cal. 604 [34 Pac. 337] ; *McCann* v. *Children's Home Soc. of California*, 176 Cal. 359 [168 Pac. 355, 357] ; *Raphael Weill & Co.* v. *Crittenden*, 139 Cal. 488 [73 Pac. 238] ; *Curtin* v. *Salomon*, 80 Cal. App. 470 [251 Pac. 237] ; *Gregory* v. *Hecke*, 73 Cal. App. 268 [238 Pac. 787].

■ The answer further attempts to allege, upon information and belief, that plaintiff has not complied with the provisions of the Civil Code. This violates the rule of pleading, which requires that matters of record must be alleged positively and not upon information and belief. This rule is particularly applicable to a pleading in abatement which, being dilatory in its nature, is to be strictly construed. (*California Sav. & Loan Soc.* v. *Harris*, 111 Cal. 133 [43 Pac. 525].) In *Purexo Products Co.* v. *Yamate*, 98 Cal. App. 65 [276 Pac. 597], defendant attempted to deny certain allegations on information and belief, and the court held that at least as to matters of record in the office of the secretary of state, such a denial was insufficient. To the same effect are *Brinkley-Douglas Fruit Co.* v. *Silman*, 33 Cal. App. 643 [166 Pac. 371] ; *William Wilson Co.* v. *Trainor*, 27 Cal. App. 43 [148 Pac. 954] ; *Art Metal Const. Co.* v. *A. F. Anderson Co.*, 182 Cal. 29 [186 Pac. 776] ; *Smith* v. *Fidelity & Deposit Co. of Maryland et al.*, 130 Cal. App. 45 [19 Pac. (2d) 1018].

■ Furthermore, respondent being incorporated under an act of Congress known as Public Act No. 43–73rd Congress, title 12, chapter 12, sections 1461–1468, inclusive, U. S. C. A., this court will take judicial notice of such fact. Fletcher on Corporations, volume 8, section 4116, states the rule as follows:

"The Federal Corporations chartered by special public act of Congress, and their names, are judicially noticed both in the Federal and State courts."

This doctrine of judicial notice in federal courts is applied in the case of *Texas & Pacific Ry. Co.* v. *Cody*, 166 U. S. 606 [17 Sup. Ct. 703, 41 L. Ed. 1132], and in *Hiatt* v. *United States*, 4 Fed. (2d) 374. In *Young et al.* v. *Boy Scouts of America*, 9 Cal. App. (2d) 760 [51 Pac. (2d) 191], the courts of California took judicial notice of the fact that the Boy Scouts of America is incorporated under an act of Congress. Therefore, if the courts took judicial notice of Home Owners' Loan Corporation as a corporation created by the federal statute it need not comply with the state laws governing foreign corporations. In Thompson on Corporations, volume 8, third edition, section 6592, the rule is given as an exception to the general rule of unlimited state control over foreign corporations, and corporations engaged in the business of the general government may transact such business in other states without obtaining a license or other permit.

The objection that the Home Owners' Loan Corporation was without authority to take personal security, is not here material for the reason that the property secured by the mortgage was sold for a sum equal to the debt against it and no deficiency judgment was obtained against appellant Morris J. Gordon.

After the demurrer had been interposed to the answer, defendants amended the answer by striking out the word "interstate" and inserting in lieu thereof the word "intrastate". It is now claimed by appellants that the demurrer not having been renewed to the amended answer, the court erred in sustaining such a demurrer. The amendment by interlineation did not fundamentally change the answer in any vital respect as far as the demurrer was concerned. Even after the amendment the plea of abatement was still based upon information and belief. Also the demurrer being general, charging a failure in the complaint to state facts constituting a cause of action, could still be applied to the amended answer.

Lastly, the refusal of the court to grant leave to amend rested largely in the discretion of the trial court, and such refusal in view of a lack of showing as to how appellants proposed to change their answer, cannot be considered as an

abuse of discretion. (*Stewart* v. *Douglas et al.*, 148 Cal. 511 [83 Pac. 699] ; *Kleinclaus et al.* v. *Dutard et al.*, 147 Cal. 245 [81 Pac. 516].)

The judgment is affirmed.

Tuttle, J., and Thompson, J., concurred.