[Civ. No. 2890. Fourth Dist. July 28, 1943.]

JAMES D. EDDY et al., Appellants, v. HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, (a Corporation), Respondent.

Luce, Forward, Lee & Kunzel for Appellants.

Higgs, Fletcher & Glen and Miller, Higgs, Fletcher & Glen for Respondent.

MARKS, J.—This is an appeal from a judgment rendered in an action for declaratory relief which upheld the validity of a clause in a deed of trust executed by plaintiffs to secure their promissory note, dated July 15, 1938, in the sum of $1,968, payable to defendant.

Defendant is a federal savings and loan association organized under the Home Owners Loan Act, 1933, as amended. (48 Stats. 132; title 12, U.S.C.A. secs. 1464 et seq.) Charles K. Fletcher was president and general manager of defendant. He was also agent of a fire insurance company authorized to issue fire insurance policies. He received a thirty per cent commission on the premiums of such policies written on houses within the city of San Diego.

At the time of the loan to plaintiffs, their building was covered by a fire insurance policy in the sum of $2,000 which was accepted by defendant. This policy expired on August 23, 1941, and prior to the expiration date plaintiffs obtained and tendered to defendant a policy of fire insurance issued by the New York Underwriters Insurance Company in the sum of $2,000. Defendant refused to accept this policy and obtained one in the same amount in the National American Fire Insurance Company through the agency of Charles K. Fletcher who admitted that he received a commission of thirty per cent of the premium. Defendant charged the premium on this policy to plaintiffs and added that amount to the principal of the loan. Plaintiffs objected to this procedure and brought this action to determine their right to obtain an insurance policy themselves under their contract with defendant. The trial court held that defendant could place the insurance and this appeal followed.

The premium on each policy was $18. The policies did not differ in legal effect and it is admitted that both of the insur-

ance companies were perfectly responsible financially. Because of the insignificant amount involved it would seem that this action was instituted to determine a legal right rather than to settle a financial responsibility.

The application for the loan, which was signed by James D. Eddy, contained the following: "It is understood that the Association shall have the right to place all fire insurance policies covering said premises, including the fallen building clause waiver, during the life of this loan, the premiums to be paid by the trustor." This clause in the application was underscored and it is admitted that it was discussed with plaintiffs prior to the time Eddy signed the application.

The deed of trust securing the note evidencing the loan, which was signed and acknowledged by both plaintiffs, contained the following: "It is understood that the beneficiary shall have the right to place all fire insurance policies on said premises, including the fallen building clause waiver, during the life of this loan, the premiums to be paid by the trustor." This clause was initialed by both plaintiffs and it is admitted that they had actual notice of this provision before they executed the deed of trust.

Deceit, oppression or fraud on the part of defendant are entirely lacking in this case and the only question presented is the legal right of defendant to insert the quoted clauses in the application for the loan and in the deed of trust and to insist on their enforcement.

Plaintiffs urge, first, that as the insertion of the quoted paragraphs in the application and deed of trust was not authorized by law, the provisions were void, and, second, that because an officer of defendant profited by the transaction it was contrary to law and void. We are cited to no express language of the Home Owners Loan Act which prohibits the transaction involved here. We are cited to no authority directly in point.

Plaintiffs argue that since the powers granted to national banks, generally are held to exclude and withhold those powers not expressly granted, we should apply the same rule to savings and loan associations organized under the Home Owners Loan Act. They rely on the case of *Standard Livestock Co.* v. *Bank of California,* 67 Cal.App. 381 [227 P. 962], where unauthorized and ultra vires acts of a national bank were involved. The effect of the holding in that case is considerably weakened because in denying a hearing the

Supreme Court expressly withheld approval of the portion of the opinion which plaintiffs quote and upon which they rely. Further, a savings and loan association organized under the Home Owners Loan Act is not a national bank and the powers and duties of the two materially differ. In the entire absence of any authority on the question we will not extend the rule, contended for by plaintiffs, to such associations.

It is also argued that the clauses under consideration here are contrary to the provisions governing these associations as set forth in section 1467, title 12, U.S.C.A. Subdivisions *a* to *d*, inclusive, of that section, have no bearing on this case. Subdivision *e* provides in part as follows:

"No person, partnership, association, or corporation shall, directly or indirectly, solicit, contract for, charge, or receive, or attempt to solicit, contract for, charge, or receive, from any person applying to the Corporation for a loan, (1) any fee, charge, or other consideration, whether bond or cash, except ordinary fees authorized and required by the Corporation for services actually rendered for examination and perfection of title, appraisal, and like necessary services, . . ."

We fail to understand how those provisions of the section can be applicable here. Common business prudence would require any person or corporation making a loan on the security of a mortgage or deed of trust on improved real property to require fire insurance on the improvements. It is also universal practice to require the borrower to bear the cost of the insurance. This practice is so universal in California that it should be regarded as contemplated and understood by all parties to such a loan. Requiring the borrowers to pay the fire insurance premiums cannot be regarded as an attempt to exact an illegal fee, consideration or reward for making the loan.

Section 1464 of title 12, U.S.C.A., authorizes the adoption of rules and regulations for the operation and regulation of federal savings and loan associations. Pursuant to that authority, regulation number 203.10 was adopted which contains the following:

"(c) Initial Loan Charges. No director, officer, or employee of a Federal association shall receive any fee or other compensation of any kind in connection with the procuring of any loan made by such association. Borrowers may be required to pay the necessary initial charges in connection with the making of a loan, . . ."

Plaintiffs argue that this regulation prohibited defendant from placing the fire insurance with its president and general manager because he received a commission of $5.40 for writing the policy. This argument is not supported by the regulation which very properly prohibits any charge not directly authorized to be paid *in connection with making the loan*. The insurance was not written in connection with making the loan but to provide insurance coverage which commenced over three years after the loan was made. Had the policy been written at the same time the deed of trust was given the fact that the agent would receive a portion of the premium could hardly be classified as a fee or compensation for making the loan and thus prohibited by the regulation. The premium was the standard sum charged for similar insurance and because an officer of defendant received a commission for writing the policy placed no added burden on the plaintiffs.

One of the purposes of these restrictions which were placed in the act is thus stated in *Kay* v. *United States,* 303 U.S. 1 [58 S.Ct. 468, 82 L.Ed. 607]:

''Congress was entitled not only to prevent misapplication of the public funds and to protect the officials concerned from being misled, but also to protect those who sought loans from being imposed upon by extravagant or improper charges for services in connection with their applications. This would be in the interest 'not only of themselves and their families but of the public.' See *Yeiser* v. *Dysart,* 267 U.S. 540, 541, 45 S.Ct. 399, 400, 69 L.Ed. 775; *Nebbia* v. *New York,* 291 U.S. 502, 535, 536, 54 S.Ct. 505, 515, 78 L.Ed. 940, 89 A.L.R. 1469.'' As the insurance premium was neither an extravagant nor an improper charge and placed no added burden on plaintiffs, the collection of the premium through an officer of defendant should not be held to be a violation of the spirit of the act of Congress or of the regulations adopted under its provisions.

Since the clause in question in the deed of trust was not prohibited by statute nor by the rules and regulations adopted for the government of defendant, and since it was not wrong in itself nor against public policy, we regard the right given to defendant to place the fire insurance on the premises as a matter of private contract between plaintiffs and defendant and thus binding upon them. (*Mortgage Guarantee Co.* v. *Patch,* 116 Cal.App. 584 [3 P.2d 35]; *Feldman* v. *Costa,* (Tex. Civ.App.) 171 S.W.2d 200; *Biggs* v. *Carbondale Building, Loan & Homestead Assn.,* 194 Ill.App. 171.)

If it be assumed that the provision allowing defendant to place the fire insurance was ultra vires, still plaintiffs knew that it was in the deed of trust when they executed it. They received the benefits of the transaction and still retain the same. While retaining those benefits they should be estopped from asserting the invalidity of this portion of the contract from which they suffered no detriment. (*California C. P. Growers* v. *Harkey,* 11 Cal.2d 188 [78 P.2d 1137].)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 23, 1943. Carter, J., voted for a hearing.