[Civ. No. 6177.   Fourth Dist.   July 22, 1960.]

THE HENRY GEORGE SCHOOL OF SOCIAL SCIENCE OF SAN DIEGO (a Corporation), Appellant, v. SAN DIEGO UNIFIED SCHOOL DISTRICT et al., Respondents.

Thomas Whelan and Vincent Whelan for Appellant.

Henry A. Dietz, County Counsel, Carroll H. Smith and Joseph Kase, Jr., Deputy County Counsel, for Respondents.

SHEPARD, J.—This is an action by plaintiff (appellant herein) for injunction to prevent the Governing Board of the San Diego Unified School District from enforcing a rental

schedule in alleged excess of the amounts permitted to be charged by Education Code, section 19437 (number changed in 1959 to § 16561), and for declaratory relief on the same subject. Defendants' (respondents herein) demurrer to plaintiff's second amended complaint was sustained without leave to amend. Plaintiff appeals from the judgment of dismissal entered pursuant thereto.

Plaintiff's complaint is set up in three counts and alleges, in general substance, the legal existence of the parties; the use by plaintiff of certain classrooms of defendant district under a schedule of classroom rental charges of $3.50 per two-hour meeting prior to July 18, 1957; that said $3.50 charge was and now is more than sufficient to pay the cost to said district for said use of supplies, utilities, and salaries paid school district employees necessitated by such use; that plaintiff proposes to continue to use such school facilities; that July 18, 1957, defendants adopted a schedule charging $7.00 per two-hour classroom meeting of plaintiff's sponsored classes, with $1.25 for each additional room over one and $2.50 for each additional hour over two; that defendants threaten to refuse use of schoolroom facilities unless said new rates are paid; that some types of use referred to in said section 19437 are free uses; that defendants in adopting the rent schedule complained of intended to and did charge enough to reimburse defendants for all uses, including said "free" uses by types of users other than plaintiff; that the charge made by defendants "has been and is, and was intended by the defendant Board to be, in excess of the cost to the District necessitated by the plaintiff's use of such facilities"; that in writing plaintiff called to defendant board's attention the overcharge claim and suggested reconsideration but "no reconsideration of the rental schedule was made by the Board"; that plaintiff appealed to the legal advisor of the board, without result; that plaintiff continues to hold meetings once a week and is paying the $7.00 per meeting charge as above described; that a genuine controversy exists as to the rights and duties of the parties. The prayer is for declaratory relief and injunction to prevent imposition of the claimed excessive charge.

Defendants, in their brief to this court, seek to sustain the order of the trial court on three grounds only. We shall therefore confine our discussion to the grounds raised by defendants.

Defendants' first contention is that "A complaint

for declaratory or injunctive relief fails to state facts sufficient to constitute a cause of action when the complaint fails to allege exhaustion of an administrative remedy, although that remedy is not established by the statute sought to be reviewed.''

In reviewing an order sustaining a demurrer, all of the allegations of the complaint must be accepted as true.

It is true, as contended by defendants, that ''where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.'' (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 292 [6] [109 P.2d 942, 132 A.L.R. 715].) It is also well established that ''A party aggrieved by the application of a statute or ordinance must invoke and exhaust the administrative remedies provided thereby before he may resort to the courts for relief.'' (*Metcalf* v. *County of Los Angeles,* 24 Cal.2d 267, 269 [1] [148 P.2d 645].) See also *Woodard* v. *Broadway Fed. Sav. & Loan Assn.,* 111 Cal.App.2d 218, 221 [2-3] [244 P.2d 467] ; *United States* v. *Superior Court,* 19 Cal.2d 189, 194 [1-2] [120 P.2d 26].

However, no authority has been cited, and we have found none, that applies the doctrine of exhaustion of administrative remedy to any case where no specific remedy is provided, permitted or authorized by statute or by rule of the administrative agency involved. In the case here at bar, there is no statutory or rule provision as to just what a citizen must do in order to secure revocation of an ultra vires order of a school board. It is true that the governing board has general continuing power over its own current operative rules and orders but we have been completely unable to discover any rule, regulation or statute which directly provides, authorizes, or even suggests that an aggrieved person should or may file petition with a governing board for readjustment or revision in any rental or rate fixing problem connected with the use of public schools under the so-called Civic Center Act (Ed. Code, §§ 19431-19442).

It is suggested that the provisions of chapters 4 and 5, title 2, division 3 of the Government Code apply. While it is true that in a limited sense school districts are state agencies, we are of the view that the chapters last above referred to were intended to apply only to those state agencies exercising under authority of statute certain statewide func-

tions, or who exercised some statewide function locally under some statute specifically localizing that function, such as the Boards of Pilot Commissioners for San Francisco, Humboldt and San Diego. It is to be noted that school districts, cities, counties, irrigation districts and other locally organized districts are not mentioned in section 11501 of the Government Code. Furthermore, no suggestion is made by counsel that defendant or any other school district has ever complied or attempted to comply with the provisions of section 11380 of the Government Code, nor is there any suggestion that defendants ever complied or attempted to comply with the other requirements of said chapters 4 and 5 of title 2, division 3 of said Government Code. We are convinced they have no application to the case at bar.

In the case of *San Joaquin & Kings River Canal & Irrigation Co.* v. *County of Stanislaus*, 155 Cal. 21 [99 P. 365], cited by defendants, specific statutory provision had been made for petitions, notices and hearings with respect to both the fixing of rates and the revision thereof. *Natural Gas Pipeline Co.* v. *Slattery*, 302 U.S. 300 [58 S.Ct. 199, 82 L.Ed. 276] ; *Imperial Mutual Life Ins. Co.* v. *Caminetti*, 59 Cal.App.2d 501 [139 P.2d 691] ; *Metcalf* v. *County of Los Angeles, supra,* and other cases cited by defendants, involve failure to follow specific statutory or rule procedure.

It is also suggested that the opinion of the attorney general of the State of California should have been sought prior to appealing to the courts. Defendants have not pointed to, nor have we found, any statutory authority requiring the attorney general to give an opinion to a private citizen on a matter of the kind here at bar.

Innumerable examples of the careful wording of our courts on the rule of exhaustion of administrative remedy are to be found. Two examples of the exhaustive treatment of the subject and the careful wording of the rule are to be found in *Abelleira* v. *District Court of Appeal* and *Metcalf* v. *County of Los Angeles,* both noted *supra.* In *Bernstein* v. *Smutz,* 83 Cal. App.2d 108, 115 [188 P.2d 48], the court said, "In all of the cases in this state in which it has been held that a party had not exhausted his administrative remedies and therefore was not entitled to relief by the court, provision was made in the governing law for a proceeding of some nature before an administrative body which the party had not pursued."

We are satisfied that the rule requiring the exhaus-

tion of administrative remedy has no application to the particular facts present in the case at bar.

Secondly, defendants contend that "Even without a provision for hearing, appellant should be required to seek his administrative remedy where as here the agency is acting in legislative capacity and has sole, complete and continuing jurisdiction to remedy any unreasonableness."

As has been herein before pointed out, all of the authorities cited by defendants refer to cases in which specific statutory or rule procedure was provided for permissive or mandatory use. The language of each of these cases must be read with that in mind.

Furthermore, it is clear in the case at bar that no statute or rule provides for any particular form of approach to the governing board in an attempt to persuade it to change the rental rate involved. The letter written to the board clearly, succinctly and courteously advises the board of plaintiff's contention that the board has fixed a rental rate in excess of the statutory permissive rate. The letter clearly suggests revision. In the absence of any particular form of wording provided, suggested or authorized by statute, we think the letter pleaded in the complaint is a sufficient approach to the administrative body to fulfill the requirement of resort to administrative remedy, even if such remedy did apply in the case at bar. Other points raised in this phase of defendants' brief are sufficiently discussed above.

Third, defendants contend that the petition "fails to state facts sufficient to constitute a cause of action when the action sought to be reviewed is within the legislative power of the board when the complaint does not allege fraud or unreasonableness."

With this we cannot agree. The complaint unequivocally alleges that defendants deliberately and wilfully set a rate in excess of that permitted by statute. The rule in this regard is set forth in many cases in different language, but that announced in *Nickerson* v. *San Bernardino County*, 179 Cal. 518, 522 [177 P. 465], is sufficient for discussing the matter here at hand: "They cannot enter the board room and substitute their judgment for that of the board nor interfere at all with its action unless the board is *exceeding its legislative powers,* or its judgment or discretion is being fraudulently or corruptly exercised." (Emphasis ours.) It is clear that if the board is charging a rate greater than or which exceeds "an

amount sufficient to pay the cost to the district of supplies, utilities, and salaries paid school district employees necessitated by such use of schoolhouses, property, and grounds of the district,'' the governing board ''is *exceeding its legislative powers.*'' Section 19437 ''is controlling, and regulations or terms and conditions made by the board in conflict therewith are invalid.'' (*Ellis* v. *Board of Education,* 27 Cal.2d 322, 325 [164 P.2d 1].) Thus it is clear that if the governing board does exceed its jurisdiction the courts will, in proper case, intervene. There is no question that the board's power to fix a rate *within the limitation* fixed by the section is entirely within the discretionary power of the board, and when such limitation is not exceeded no court will ordinarily interfere in any way with the board's action.

It may well be that plaintiff will have great difficulty, as suggested by defendants, in proving its allegation. With that subject, however, we are not here concerned. Plaintiff has clearly and unequivocally alleged that the board has wilfully and intentionally set such excessive rate. If the trial court, after hearing the evidence, is convinced by a preponderance thereof that defendants, in fixing the rate complained of, have, in fact, exceeded the limit permitted by said Education Code, section 19437, it will act to correct the matter. Since the court has no authority to fix the rate, it would of necessity have to send the matter back to the governing board for further proceedings. (*Guy S. Atkinson Co.* v. *Highland Park Public Utility District,* 158 Cal.App.2d 718, 723 [2] [323 P.2d 173].)

The judgment of dismissal is reversed.

Griffin, P. J., and Shea, J. pro tem.,* concurred.

A petition for a rehearing was denied August 19, 1960, and respondents' petition for a hearing by the Supreme Court was denied September 14, 1960.

---

*Assigned by Chairman of Judicial Council.