[Civ. No. 6446. Fourth Dist. Oct. 18, 1960.]

LARWOOD COMPANY et al., Appellants, v. SAN DIEGO FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent.

Joseph Henry Wolf, Paul Wyler and Harold P. Lasher for Appellants.

Glenn & Wright and Eugene Glenn for Respondent.

SHEPARD, Acting P. J.—Plaintiffs brought this action against defendant San Diego Federal Savings and Loan Association and others, in the Superior Court of San Diego County, but defendant association was the only one served, and it was apparently accepted as a verity by all parties at the time of the hearing of the demurrer herein that no one else would be served. Defendant association demurred to the first amended complaint on several grounds. However, the trial court instructed that arguments in the first instance be confined to the subject of jurisdiction since if the demurrer were good on that ground, the other grounds of demurrer need not be considered. After argument, the demurrer was sustained, without leave to amend, on the ground that the court lacked jurisdiction in the cause. Plaintiff appeals from the judgment of dismissal entered pursuant to such order, and attempts to appeal from the order sustaining demurrer.

From the record before us, it appears that defendant is a federal savings and loan association organized and existing at all times herein related, under the charter granted by the Fed-

eral Home Loan Bank Board, hereinafter called "Board," pursuant to Home Owners' Loan Act of 1933. (12 U.S.C.A., ch. 12.) At all times complained of, plaintiffs were borrower members of defendant association. Plaintiffs borrowed certain monies from defendant association, and claimed that they were charged usurious interest on said loans. Through seven causes of action, plaintiffs seek recovery of alleged usurious interest claimed to have been paid by them to defendant, damages for breach of agreement, reformation and correction of portions of the loan agreements, a declaratory judgment and an accounting, all with respect to said claimed usury and claimed erroneous expressions in the loan agreements.

Defendant association contends that plaintiffs must first have sought redress through the administrative processes of Board before applying to the judicial process for relief; that Board has the initial power to determine if the controversy lies within its jurisdiction; that the federal law provides complete administrative procedure for the determination of the present controversy; that plaintiffs must plead exhaustion of administrative remedy before they can be permitted to seek judicial relief. Plaintiffs oppose these contentions.

The federal savings and loan associations are authorized by act of Congress. (Home Owners' Loan Act of 1933, 12 U.S.C.A., ch. 12, § 1464.) Under the Federal Home Loan Bank Act of 1932 and the Home Owners' Loan Act of 1933 (12 U.S.C.A., chs. 11, 12), Board is an independent fiscal agency in the executive branch of the United States Government. Federal savings and loan associations are also authorized to be designated as fiscal agents of the United States Government and are automatically members of the Federal Home Loan Bank of the district in which they are located. (*First Fed. Sav. & Loan Assn.* v. *Loomis*, 97 F.2d 831, 836 [5].)

Under authority of statute, Board has provided extensively detailed rules for the government of each and every act of the internal affairs of associations and under the law fully adequate powers are granted to Board for the enforcement of its orders, including even the right to take over exclusive management of the association for failure or refusal to obey the Board's orders. (*Fahey* v. *Mallonee*, 332 U.S. 245 [67 S.Ct. 1552, 91 L.Ed. 2030].)

The rules of Board for control of the association provide a complete system of specific procedure by which any person aggrieved by actions relating to the internal affairs of an association may file a petition with Board to be heard and

have his grievance acted upon, accompanied by compulsive orders to the association involved, but nowhere do the rules make any mention of petitions or applications by borrower members or by associations for settlement of disputes over details of individual loans. Each association has the right "to sue and be sued, complain and defend in any court of law or equity." (Pt. 544.1(b)3.)

Appeals may be taken from orders of Board to the federal court. Each borrower is a member of the association. ▮ Courts take judicial notices of the rules of Board. (*People* v. *Coast Fed. Sav. & Loan Assn.*, 98 F.Supp. 311, 316 [5, 6].) ▮▮ The corporate existence of Home Owners' Loan Corporation is accorded judicial recognition. (*Home Owners' Loan Corp.* v. *Gordon*, 36 Cal.App.2d 189, 192 [4] [97 P.2d 845].) ▮ The rules and regulations of Board adopted pursuant to the Home Owners' Loan Act of 1933 have the force and effect of law and are controlling as to the acts of the association, its officers and its members. (*Woodard* v. *Broadway Fed. Sav. & Loan Assn.*, 111 Cal.App.2d 218, 223 [4] [244 P.2d 467].)

▮ It is true that where an administrative remedy is provided by statute or rule, such remedy must be exhausted before the complainant may resort to the judicial process for relief. (*Abelleira* v. *Dist. Court of Appeal*, 17 Cal.2d 280, 292 [6] [109 P.2d 942, 132 A.L.R. 715] ; *Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267, 269 [1] [148 P.2d 645] ; *Woodard* v. *Broadway Fed. Sav. & Loan Assn., supra,* p. 221 [2, 3] ; *United States* v. *Superior Court*, 19 Cal.2d 189, 194 [1, 2] [120 P.2d 26] ; *Aircraft & Diesel Equipment Corp.* v. *Hirsch,* 331 U.S. 752, 764-767 [67 S.Ct. 1493, 91 L.Ed. 1796].)

▮ It has also been said that where the law in question arguably vests jurisdiction in an administrative body, it is the general rule that the administrative agency involved should initially be given the opportunity to decide whether or not the given controversy lies within its powers before resort may be had to the judicial power. (*Woodard* v. *Broadway Fed. Sav. & Loan Assn., supra* [3], and cases there cited; *D. G. Bland Lumber Co.* v. *N.L.R.B.*, 177 F.2d 555, 557 [1, 3] ; *San Diego Bldg. Trades Council* v. *Garmon*, 359 U.S. 236, 244, 245 [6, 7, 8-10] [79 S.Ct. 773, 3 L.Ed.2d 775].)

▮ We recognize that the rule compelling exhaustion of administrative remedy is a jurisdictional prerequisite (*Abelleira* v. *District Court of Appeal, supra*), and must be pleaded (*Child* v. *State Personnel Board,* 97 Cal.App.2d 467,

469 [2] [218 P.2d 52] ; *Jensky* v. *State Bd. of Equalization,* 67 Cal.App.2d 612, 616 [155 P.2d 87] ), and that when federal legislation constitutionally covers a particular field, a state will ordinarily not be permitted to interpose rules or regulations interfering with the federal control. (*San Diego Bldg. Trades Council* v. *Garmon, supra; Bethlehem Steel Co.* v. *New York State Labor Relations Board,* 330 U.S. 767, 776 [67 S.Ct. 1026, 91 L.Ed. 1234].) This rule is applicable to attempted state control of federal savings and loan associations. (*First Fed. Sav. & Loan Assn.* v. *Loomis, supra; People* v. *Coast Fed. Sav. & Loan Assn., supra,* p. 319 [24, 25].)

[■■] From the foregoing, it will be seen that the decision of the present cause must lie in whether or not, by any fair construction of the laws of Congress and the rules of Board, it is intended that Board determine private controversies between borrowers and the association. On this question we have minutely and carefully examined the law itself and the rules of Board, and we find that neither the law passed by Congress nor the rules of Board make any mention of an application to Board for the settlement of any private dispute between the borrower and the association relative to the propriety, regulation or validity of the loan or anything connected therewith. The rules provide (§ 542.2) that *"any person who has made an application or petition* to the Board pursuant to any provision of parts 543, 544, 545, or 546 of this subchapter may request a hearing'' and the Board itself may, without any request having been made, order a hearing on any matter arising under any provision of the rules and regulations, etc. Part 543 relates to incorporation and organization. Part 544 provides for the form, adoption and amendment of charter and bylaws. Part 545 relates to general directions for operations. Part 546 relates to merger, dissolution and reorganization. Each and every mention in the law or rules of an application or petition to the Board appears to be directed solely to problems of management or organization.

All of the authorities involving federal savings and loan associations cited by respondent as to lack of jurisdiction in state courts, relate to attempts to interfere with internal affairs of management, organization or control of the association. *Woodard* v. *Broadway Federal Savings & Loan Assn. of Los Angeles, supra,* related to election of directors. *First Federal Savings & Loan Assn.* v. *Loomis, supra,* related to attempted general control by the State of Wisconsin. *People* v. *Coast Federal Savings & Loan Assn., supra,* related to an at-

tempted general control by the State of California. *Fahey* v. *Mallonee, supra,* related to an attempted ousting of a conservator placed in charge of an association by said Board.

On the other hand, there is long-standing and compelling precedent for the use of the judicial processes in the settlement of private disputes between the association and borrowers or other members of the public. Without exception, all such disputes which either counsel have cited to us or which we by exhaustive research have been able to find, have been settled directly through the judicial processes. This has been true from the earliest history of the Home Owners' Loan Act of 1933. The citation of but a few of these cases will serve to exemplify the variety of such disputes submitted directly to the judicial determination without any contention that the matter should have first been sent to said Board for administrative adjudication: *Eddy* v. *Home Federal Savings & Loan Assn.,* 60 Cal.App.2d 42 [140 P.2d 156] (action for declaratory relief on right to place insurance) ; *First Federal Savings & Loan Assn.* v. *Norwood Realty Co.,* 212 Ga. 524 [93 S.E.2d 763] (injunction to prevent sale under security because of alleged usury) ; *Federal Savings & Loan Ins. Corp.* v. *Kearney Trust Co.,* 151 F.2d 720 (recovery of money wrongfully credited to plaintiff association's president) ; *Fidelity Federal Savings & Loan Assn.* v. *Long,* 175 Cal.App.2d 149 [345 P.2d 568] (unsecured note) ; *Community Federal Savings & Loan Assn.* v. *Fields,* 128 F.2d 705 (dispute over contract of employment on takeover of another association ; *Elwert* v. *Pacific First Federal Savings & Loan Assn.,* 138 F.Supp. 395 (conversion through alleged improper check credit).

While examples of disputes under the older Home Owners' Loan Corporation operations are less persuasive, they are, nevertheless, worthy of incidental note due to the fact that similar basic considerations were involved. Examples of these are : *Williston Savings & Loan Assn.* v. *Kellar,* 74 N.D. 338 [22 N.W.2d 30] [N.D.] (foreclosure of mortgage) ; *Woods* v. *Kern County Mutual Building & Loan Assn.,* 34 Cal.App.2d 468 [93 P.2d 837] (cancellation of security documents for alleged violation by association of Home Owners' Loan Act) ; *R. R. Adams Co.* v. *Pacific States Savings & Loan Assn.,* 34 Cal.App. 2d 723 [94 P.2d 370] (disputes over rights of borrower on refinancing, alleged violation of Home Owners' Loan Act through secret liens) ; and *Home Owners' Loan Corp.* v. *Gordon,* 36 Cal.App.2d 189 [97 P.2d 845] (foreclosure).

Thus, we find that from the 27 years of operation under

the Home Owners' Loan Act of 1933, none of the counsel for either party in this case have cited, nor has this Court by diligent research been able to find, any instance in which Board has taken administrative action to settle private disputes between associations and borrower members. On the contrary, all such disputes, without exception, appear to have been taken directly to the state or federal courts without interposition of the administrative process. Only that class of dispute which relates to the internal operation or organizational affairs of associations has been held to be under Board's administrative process.

We are convinced from the complete lack of any mention in the rules of specific administrative procedure by which the borrower member is directed or permitted to approach Board for relief (*Henry George School of Social Science* v. *San Diego etc. School Dist.*, 183 Cal.App.2d 82, 85 [1b] [6 Cal.Rptr. 661]), and by the additional fact that for 27 years all such disputes have been handled directly through the judicial process, thereby establishing compelling precedent for the use of the judicial process instead of the administrative process, that there is no reasonably arguable foundation for the compulsory use of the administrative process as a prerequisite to judicial relief.

The order sustaining demurrer not being appealable, the attempted appeal therefrom is dismissed. The judgment is reversed.

Coughlin, J., concurred.

Griffin, P. J., deeming himself disqualified, did not participate.