[No. A050164. First Dist., Div. Two. July 16, 1991.]

ARTURO LOPEZ, Plaintiff and Appellant, v.
CIVIL SERVICE COMMISSION OF THE CITY AND COUNTY OF
SAN FRANCISCO et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts IV, V, VI, VII and VIII.

COUNSEL

Davis, Cowell & Bowe, Philip Paul Bowe and Richard G. McCracken for Plaintiff and Appellant.

Louise H. Renne, City Attorney, Jonathan V. Holtzman, Assistant City Attorney, Vicki A Clayton and Arthur A. Hartinger, Deputy City Attorneys, for Defendants and Respondents.

OPINION

SMITH, Acting P. J.—Petitioner and appellant Arturo Lopez appeals from a judgment denying his petition for a writ of mandate to compel defendant San Francisco Civil Service Commission (Commission) to include certain salary data in determining salaries of San Francisco's meter readers. The issue on appeal is whether the trial court acted properly in granting defendants' motion for summary judgment on the ground that Lopez had failed to exhaust his administrative remedies. We agree with the trial court's conclusion that Lopez's failure to file an appeal with the Commission was fatal to the present action, and affirm the judgment.

### BACKGROUND AND PROCEDURAL HISTORY

Section 8.407 of the San Francisco City Charter provides that the Commission shall conduct "a comprehensive investigation and survey of basic pay rates and wages and salaries in other governmental jurisdictions and private employment for like work and like service . . . and shall make its findings, based on facts and data collected, as to what are the generally prevailing basic pay rates for each benchmark class of employment . . . ."

Rule 3.04, paragraph H of the Commission's rules impose upon the "General Manager, Personnel" (general manager) the duty to direct the compilation of salary and wage data "in accordance with the Charter for the Commission," and to administer the "salary plan."

Rule 5.06 of the same rules[1] provides that any "action" by the general manager may be appealed to the Commission provided that the appeal is

---

[1] All further "rule" references are to the rules of the San Francisco Civil Service Commission at the time of judgment.

received within 30 days from the date of notification of such action to the appellant.

Lopez is a meter reader for the City and County of San Francisco (City) and has been since 1983. On February 3, 1989, his attorney wrote to the city attorney and demanded that the Commission include pay rate data from meter readers for Pacific Gas & Electric Company and the Santa Clara Valley Water District in setting the pay rates for meter readers employed by the City. On February 17, he filed a petition for writ of mandate, styled as a class action, against the Commission, the board of supervisors and the city controller, seeking the same relief.

After interposing successful demurrers based on the failure to exhaust administrative remedies, defendants answered Lopez's fourth amended complaint and filed a motion for summary judgment on the same ground. While not disputing that he failed to file an appeal with the Commission concerning the data used to compile his salary, Lopez advanced a number of reasons why such an appeal was not a prerequisite to his obtaining judicial relief. The trial court, apparently agreeing with defendants' position, granted the motion for summary judgment.

APPEAL

*The Exhaustion Doctrine*

"It is well settled that '[j]udicial intervention is premature until the administrative agency has rendered a final decision on the merits. Before seeking judicial review a party must show that he has made a full presentation to the administrative agency upon all issues of the case and at all prescribed stages of the administrative proceedings.' [Citations.]" (*Edgren* v. *Regents of University of California* (1984) 158 Cal.App.3d 515, 520 [205 Cal.Rptr. 6], citing *Bleeck* v. *State Board of Optometry* (1971) 18 Cal.App.3d 415, 432 [95 Cal.Rptr. 860].)

A failure to exhaust administrative remedies is a fundamental defect. "The administrative tribunal is created by law to adjudicate the issue sought to be presented to the court. The claim or 'cause of action' is within the special jurisdiction of the administrative tribunal, and the courts may act only to *review* the final administrative determination. If a court allowed a suit to be maintained prior to such final determination, it would be interfering with the subject matter jurisdiction of another tribunal. Accordingly, the exhaustion of an administrative remedy has been held *jurisdictional* in California." (3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 234, p. 265; see also *Farmer* v. *City of Inglewood* (1982) 134 Cal.App.3d 130, 137 [185 Cal.Rptr. 9];

*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 293 [109 P.2d 942, 132 A.L.R. 715].)

The record shows that although Lopez's local union attempted to seek the relief sought here through correspondence addressed to the general manager, no appeal of his action denying relief was ever taken under rule 5.06. Lopez, however, insists that he was not required to take an appeal to the Commission for a number of reasons. We discuss each of these individually.

I

*Class Action*

Lopez initially makes the sweeping assertion that the exhaustion doctrine is simply inapplicable to class action lawsuits such as his own.

It has been recognized that the exhaustion doctrine is not " 'inflexible dogma' " and has developed exceptions. Those exceptions are " 'when the subject matter of the controversy lies outside the administrative agency's jurisdiction, when pursuit of an administrative remedy would result in irreparable harm, when the administrative agency cannot grant an adequate remedy, and when the aggrieved party can positively state what the administrative agency's decision in his particular case would be.' " (*County of Contra Costa* v. *State of California* (1986) 177 Cal.App.3d 62, 73 [222 Cal.Rptr. 750], quoting *Ogo Associates* v. *City of Torrance* (1974) 37 Cal.App.3d 830, 834 [112 Cal.Rptr. 761].)

The mere bringing of a class action is not ipso facto an exception to the exhaustion requirement. (*Mountain View Chamber of Commerce* v. *City of Mountain View* (1978) 77 Cal.App.3d 82, 96 [143 Cal.Rptr. 441]; *Morton* v. *Superior Court* (1970) 9 Cal.App.3d 977, 983 [88 Cal.Rptr. 533].) Contrary to Lopez's argument, *Rose* v. *City of Hayward* (1981) 126 Cal.App.3d 926 [179 Cal.Rptr. 287] (*Rose*) does not state otherwise. In *Rose*, retired state employees brought a class action seeking to change the way in which their pension benefits were calculated. This division held that plaintiffs need not have exhausted their administrative remedies because the Public Employees Retirement System system of remedial administrative relief "clearly contemplate[d] *individualized* treatment of claims for retirement benefits rather than class actions." (*Id.*, at p. 935, italics added.) Thus, the opinion did not create a "class action" exception to the exhaustion requirement, but merely relied on the settled maxim that exhaustion does not apply where the administrative

remedy provided is either unavailable or inadequate to afford the relief sought. (3 Witkin, *op. cit. supra*, § 238, pp. 269-270; *Ramos* v. *County of Madera* (1971) 4 Cal.3d 685, 690-691 [94 Cal.Rptr. 421, 484 P.2d 93]; *Farmer* v. *City of Inglewood, supra*, 134 Cal.App.3d 130, 137.)

*Morton* v. *Superior Court, supra*, 9 Cal.App.3d 977 (*Morton*), dispels any notion that class actions are per se exempt from the exhaustion requirement. The case involved a dispute between the City of Fresno and its police officers over whether time consumed by officers putting on and taking off their uniforms constituted compensable overtime. (*Id.*, at p. 981.) The court held the officers were precluded from bringing a class action for writ of mandate without first filing a grievance. Rejecting the argument that officers need not have availed themselves of an administrative remedy because they were seeking class relief, *Morton* stated: "If we were to permit a city employee, on important policy questions which vitally affect the city, to by-pass the very office charged with the duty of managing the city's affairs solely because his grievance affects more than one employee, we would foist upon the judicial branch the arduous task of solving governmental policy questions without giving the responsible governmental branch the opportunity to solve its own problems at the administrative level. [¶] We conclude that because real parties have failed to demonstrate that the city grievance procedure was inadequate to protect the members of the class they allegedly represent, they cannot prevail on this point. If real parties had filed a grievance, and if the city manager had ruled in their favor, the ruling would have applied to all police officers similarly affected. By the same token, if the city manager's decision had been adverse to real parties, it would have had the finality necessary to enable them to bring a class action." (*Id.*, at pp. 983-984.)

Similar considerations apply here. Lopez has not shown that a successful appeal to the Commission or the general manager's refusal to include the subject private sector data in his salary survey would not have applied to all meter readers similarly situated. To the contrary, records of the Commission of which we have taken judicial notice confirm that the Commission regularly hears appeals from individual employees on matters which affect the entire class to which they belong.

Lopez does not address, let alone distinguish *Morton*. We conclude the designation of his complaint as a "class action"[2] does not insulate Lopez from the requirement of exhausting his administrative remedies.

---

[2] We note that Lopez neither sought nor obtained class certification for his action.

## II

### Statutory Grievance Procedures

■ Lopez next claims that the exhaustion doctrine only applies where the administrative procedure is prescribed in a statute. This argument is based on a literal reading of the following quote: "[W]here an administrative remedy is provided *by statute*, relief must be sought from the administrative body and this remedy exhausted before the courts will act." (Italics added.) (*Abelleira* v. *District Court of Appeal, supra*, 17 Cal.2d 280, 292.) Seizing upon the italicized language, Lopez concludes that because the administrative procedure for appealing salary decisions does not appear in the appropriate "statute" (i.e., city charter), he may bypass it altogether. He is wrong.

The city charter vests responsibility for administering the salary plan in the Commission which, in turn, delegates the data gathering responsibility to the "General Manager, Personnel." Commission rules provide for an appeal of the general manager's action to the Commission. These rules have the same force and effect as a statute. (*Farmer* v. *City of Inglewood, supra*, 134 Cal.App.3d 130, 139, fn. 8.) The more accurate statement of the law is that exhaustion of administrative remedies is required wherever it is "permitted or authorized by statute *or by rule of the administrative agency involved*." (See *Henry George School of Social Science* v. *San Diego Unified School Dist.* (1960) 183 Cal.App.2d 82, 85 [6 Cal.Rptr. 661], italics added.) Hence, the fact that the administrative remedy is set forth in the Commission rules rather than the city charter is of no significance.

## III

### Traditional Versus Administrative Mandate

■ A third argument raised by Lopez is that the exhaustion requirement applies only to administrative writs of mandamus under Code of Civil Procedure section 1094.5 (all future statutory references are to this code), not to writs taken to compel the performance of "mandatory" duties under section 1085.

At the outset we note that the cases cited by Lopez, *Lowry* v. *Obledo* (1980) 111 Cal.App.3d 14, 24 [169 Cal.Rptr. 732], and *Vogulkin* v. *State Board of Education* (1961) 194 Cal.App.2d 424, 434-435 [15 Cal.Rptr. 335], plainly do not support the "rule" he claims exists. Second, while administrative mandamus is the proper vehicle for review of action taken by an administrative agency involving the taking of evidence and the exercise of

discretion, it does not have a distinct legal personality from traditional mandamus and is not exempt from its "principles, requirements and limitations." (Cal. Administrative Mandamus (Cont.Ed.Bar 1989) § 1.3, p. 5; see *Save Oxnard Shores* v. *California Coastal Com.* (1986) 179 Cal.App.3d 140, 148 [224 Cal.Rptr. 425], quoting *Grant* v. *Board of Medical Examiners* (1965) 232 Cal.App.2d 820, 826 [43 Cal.Rptr. 270].)

The exhaustion doctrine applies generally whenever judicial relief is sought where a remedy is available at the administrative level. It applies to *any* action for judicial relief, whether it be a writ or not, and long predates the 1945 enactment of section 1094.5. (See *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, and cases cited at pp. 294-295.) Indeed, although it did not expressly so state, *Morton, supra,* manifestly involved a petition to enforce an allegedly "mandatory" duty to grant overtime compensation, yet the exhaustion doctrine was held to bar the action. Had the officers' interpretation of the charter or ordinance been presented to the city manager, the court ruled, he could have ordered the chief of police to approve the overtime. (9 Cal.App.3d at p. 983.) Likewise here, the general manager's failure or refusal to include the salary data which Lopez asserted was "compelled" by the charter and Commission rules could have been overruled by the Commission, but it was never presented with the opportunity to do so.

Thus, whether the general manager's alleged duty was "ministerial" or the result of discretion, Lopez was not excused from the requirement that he exhaust the administrative appeal available to him before resorting to the courts.

## IV-VIII*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

### DISPOSITION

The judgment is affirmed.

Benson, J., and Peterson, J., concurred.

---

*See footnote, *ante*, page 307.